UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY CHANDLEE, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>RESURGENT CAPITAL SERVICES L.P.,<br><br>Defendant. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

1. Plaintiff Timothy Chandlee, on behalf of himself and all others similarly situated ("Plaintiff" or "Chandlee"), by and through his undersigned attorneys, alleges that the Defendant, RESURGENT CAPITAL SERVICES L.P. ("Resurgent Capital" or "Defendant") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

**DEFINITIONS**

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Fairless Hills, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. Resurgent Capital maintains a location at 55 Beattie Place, Greenville, South Carolina 29601.

7. Resurgent Capital is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6) because it uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting defaulted debt and/or to regularly engage in the collection or attempt to collect defaulted debt asserted to be due or owed to another.  The Defendant intends to only acquire an interest in defaulted, consumer debts as part of its principal business.

## STATEMENT OF FACTS

8. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. On or about February 20, 2020, plaintiff received a collection letter from Resurgent claiming Plaintiff owed a debt to Plains Commerce Bank ("PCB") purchased by PYOD LLC and demanding payment of the debt. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

10. The February 20, 2020 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

11. Upon receipt, Plaintiff read the February 20, 2020 letter and became worried and angry that the Defendant claimed he had owed any sum of money to PCB since he did not owe it anything.

12. The Defendant's February 20, 2020 communication appears to be an attempt to collect upon a time-barred debt that was never owed by the Plaintiff to anyone. The Defendant took no reasonable steps before attempting to collect to verify whether it had a right to collect anything from the Plaintiff. Rather, it recklessly relied upon defective information it had merged into its electronic systems knowing it was prone to errors and was unreliable (because its interest was acquired without any reasonable representations and warranties about the accuracy of the data obtained).

13. On or about March 4, 2020, plaintiff sent a letter to Resurgent via certified mail return receipt disputing the debt was owed and demanding it cease and desist conducting any further collection activities. A copy of said letter is annexed hereto as **Exhibit B**, which is fully incorporated herein by reference.

14. On or about March 10, 2020, Resurgent confirmed receipt of Plaintiff's cease and desist letter. See Certified receipt in **Exhibit B**.

15. 15 U.S.C. § 1692c(c) of the FDCPA provides that:

> **If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt** or that the consumer wishes the debt collector to cease further communication with the consumer, **the debt collector shall not communicate further with the consumer with respect to such debt**, **except**--
>
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

    (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

    If such notice from the consumer is made by mail, notification shall be complete upon receipt. (emphasis added)

16. On or about March 31, 2020, plaintiff received another collection letter from Resurgent claiming the debt was verified as owed and demanding payment. A copy of said letter is annexed hereto as **Exhibit C**, which is fully incorporated herein by reference. Once again Plaintiff became worried, frustrated, and angry by the Defendant's false claim he had owed any sum of money to PCB.

17. In reliance to the Defendant's false claim, on or about April 16, 2020, Plaintiff spoke with a representative from PCB who advised him that there was no record of it having a customer by the name of Timothy Chandlee and it had received other telephone calls from other consumers alleging collections contacts from Resurgent regarding debts owed to PCB which PCB had no record of having existed.

18. Sometime on or before May 22, 2020, Resurgent Capital transferred the alleged account to another entity—i.e. Credit Control LLC—but did not transfer information to that entity that Plaintiff had disputed the debt and issued a cease and desist letter to it. The Defendant's failure to convey accurate information about the status of the purported debt caused further frustration, anxiety, and fear to the Plaintiff when on May 22, 2020 Credit Control LLC demanded Plaintiff pay sums he had disputed just weeks before to Resurgent Capital in written correspondence.

19. Resurgent Capital knew or should have known that its actions violated the FDCPA and that it was:

    a. Unfair to claim a consumer owed a consumer debt that was not owed.

      b. Unconscionable for it to fail to perform a reasonable investigation of a consumer dispute that the debt was owed.

      c. Unfair for it to, upon information and belief, solely rely upon inaccurate data maintained by it even when it had notice of the errors from Plaintiff and others to maintain any right to collect.

      d. Unfair to transfer the alleged account to another, i.e. Credit Control LLC and not tell its successor that Plaintiff had objected and disputed the debt not owed.

      e. Unfair to continue to communicate with a debtor when it knows it was told to cease and desist such communications.

20. As described above, Defendant could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

21. Upon information and belief, Resurgent Capital's net worth exceeds $50,000,000.

22. Resurgent Capital has testified under oath in the matter of Finch v. LVNV Funding LLC pending in the Circuit Court for Baltimore City, Maryland (Case No. 24-C-11-007101((April 14, 2015) that:

      a. Resurgent is a collection agency that attempts to collect consumer debts owned by other entities.

      b. Resurgent maintains electronic records (i.e. media) related to the consumer debts it attempts to collect that enable it to identify any payments or credits to the accounts maintained by Resurgent, documents related to the accounts, and communications received related to the accounts from consumers and others.

      Resurgent also generally has a mailing address for each consumer debt account it attempts to collect (and can skip trace addresses when it does not have them).

  c. Resurgent's system in which it maintains these uniform and consistent records is known as AMCS which is a proprietary software system. It also maintains standard operating procedures to maintain the data related to consumer debt accounts. The AMCS system also permits Resurgent and its collectors to interact with each other as to what should be done with the account through the Collection Status Function of the software.

  d. If necessary or appropriate, Resurgent may also obtain additional information about the accounts from the original creditors related to the accounts.

  e. Resurgent requires other collectors and attorneys it engages to maintain complete and full records of their collection activities on behalf of Resurgent and Resurgent's clients.

  f. Resurgent has the means to identify classes of individuals from its electronic systems.

  g. Resurgent maintains electronic account notes entered by Resurgent employees related to the consumer debt accounts that it collects upon.

### POLICIES AND PRACTICES COMPLAINED OF

23. Defendant's conduct and actions violate the FDCPA, by *inter alia*:

  (a) Continuing to communicate with a consumer with respect to a debt after being advised by the consumer in writing that he or she refused to pay such alleged debt;

  (b) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (c)    Using a false representation or deceptive means to collect or attempt to collect a debt.

24. Defendant has sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the Commonwealth of Pennsylvania within one year of this Complaint. This belief is based on the volunue of business carried out by the Defendant in this State in which according to public records has sought to collect, directly or indirectly, from hundreds of Pennsylvania residents in the 12 months proceeding this action.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

26. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who sent cease and desist letters to Defendant which Defendant received but, thereafter, continued to communicate with the consumers for a reason not within one of the three (3) statutorily permitted contacts for a debt collector to make after receiving a cease and desist letters as set forth herein.

> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

27. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

   b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether the Defendant violated various provisions of the FDCPA;

      ii. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

      iii. Whether Plaintiff and the Class have sustained damages (actual and/or statutory) and are entitled to restitution as a result of Defendant" wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

28. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

29. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

30. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## COUNT I

**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS**

31. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

32. Collection letters and/or notices, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

33. Defendant violated 15 U.S.C. § 1692c(c) of the FDCPA as described herein.

34. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

35. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated.

36. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

37. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

38. As described herein, Defendant engaged in a false representation or deceptive means to collect or attempt to collect the debt.

39. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

40. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

41. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

42. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

43. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

44. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 25, 2020

/s/Robert P. Cocco/
Attorney for Plaintiff
By:  Robert P. Cocco, Esquire
Pa. Id. No.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200

# EXHIBIT A

# EXHIBIT B

# EXHIBIT C